JOHN M. BURCH *v.* R. L. KEENE ET AL.

**Pleading—Answer to Garnishment—Denial of Indebtedness.**

A petition, upon which a garnishment is issued, is insufficient unless it so acquaint the garnishee with the facts as to give him an opportunity to defend same, the same as if he had been sued by his creditor.

APPEAL FROM SCOTT CIRCUIT COURT.

January 26, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

This suit in equity was commenced in the Scott quarterly court by Keene and Stevenson, for the use of the latter, against E. D. Jones, and the appellant, apparently under the provisions of section 474 of the Civil Code, setting forth a judgment rendered by a justice of the peace, in 1844, for $50 and costs in favor of Keene, against Jones, and the return of "no property" upon an execution thereon; and alleging that the appellant was indebted to Jones, in an amount sufficient to pay the debt, and that Jones was a part owner with him of a jack. The petition sought a disclosure of any amount appellant might owe Jones, and that the same and Jones' interest in the jack might be subjected to the plaintiffs' claim; and to that end the appellant was summoned as a garnishee.

The appellant answered, denying the alleged indebtedness of himself to Jones, and alleging that Jones was in his debt; and denying the alleged part ownership of Jones with him in the jack.

Jones also answered, admitting his alleged indebtedness to the plaintiff, and exhibiting an account against the appellant, amounting to $539.94, which he alleged to be due him, and out of which he consented that the plaintiffs' claim might be adjudged to be paid, and this was so adjudged by the quarterly court, and afterwards by the circuit court on an appeal of the present appellant, who now seeks the reversal of the judgment of the circuit court.

In *Banner vs. Emmerson, etc., 4 Bush., 345,* this court decided that a party against whom the plaintiff sought to recover, as a garnishee, being made a defendant in the petition, which alleged an indebtedness, and failing to answer, though served with process, a judgment was properly rendered against him for the sum alleged to be due from him to the original debtor. And it is argued for the appellees in this case that as the answer of the appellant does not specifically respond to the account set forth in the answer of Jones, and there is proof conducing to sustain the judgment against him, the court properly so adjudged, although the appellant in his answer denied in general terms that he was indebted to Jones.

But in our opinion, the petition did not authorize a recovery, against the answer of the appellant, upon evidence as to an account, only exhibited by his co-defendant, and to which he was not required to answer specifically, by the averments of the petition.

To have authorized the judgment upon evidence conducing to prove the account, it should have been so presented by the petition as to give the appellant the same opportunity to make his defense which he would have had if sued by Jones on the account.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion, the parties being allowed to amend their pleadings.

*Cantrill, Polk,* for appellant.

*Darnaby & Stevenson,* for appellees.